FILED
UNITED STATES DISTRICT COURT
LAS CRUCES, NEW MEXICO

OCT 2 9 2015

4:30 ~

MATTHEW J. DYKMAN
CLERK

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

        Plaintiff,

        v.                                    CR No. 15-02608 KG

NOE DOMINGUEZ-GUTIERREZ,

        Defendant.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Defendant Dominguez-Gutierrez's Objection to Presentence Report ("PSR"), filed September 9, 2015. (Doc. 18.) The United States filed a response (Doc. 20), and Dominguez-Gutierrez filed a reply (Doc. 21). Dominguez-Gutierrez objects to a 16-level increase to his base offense level as a result of his prior Colorado conviction for second degree burglary of a dwelling, arguing the Colorado statute does not include as an element of the offense that the burglary be of a dwelling. The Court held a sentencing hearing on October 20, 2015, during which the Court heard oral argument about whether a 16-level increase of Dominguez-Gutierrez's base offense level was proper. Having reviewed the PSR, the briefing filed by counsel, oral arguments, and applicable case law, the Court concludes that a 16-level increase in Dominguez-Gutierrez's base offense level is warranted.

The Offense Conduct:

Dominguez-Gutierrez was charged by indictment with violating 8 U.S.C. §§ 1326(a) and (b)(2), Reentry of a Deported Alien. The charge stems from his arrest on April 16, 2015, when Border Patrol Agents encountered him in Luna County, New Mexico. Dominguez-Gutierrez

previously was deported from the United States to Mexico on February 12, 2013.  Prior to being

deported, he was convicted of second degree burglary of a dwelling in Colorado on February 7,

2008.  Shortly after his arrest in April 2015, Dominguez-Gutierrez admitted that he is not a

citizen or national of the United States, that he did not have legal immigration status in the

United States, and that he knowingly and voluntarily reentered the United States after previously

having been deported and without the express consent of the Secretary for Homeland Security.

On July 24, 2015, he pled guilty to the Re-entry charge.

      Sentencing Guideline Application:

      On August 27, 2015, the United States Probation Officer disclosed the PSR.  An offense

of Reentry of a Removed Alien results in a base offense level of eight.  U.S.S.G. § 2L1.2(a).  A

sixteen-offense level increase was applied based on a prior conviction of a felony "crime of

violence," *i.e.*, burglary of a dwelling.  *Id.* § 2L1.2(b)(1)(A).  Dominguez-Gutierrez qualifies for

a three-level downward adjustment for acceptance of responsibility.  U.S.S.G. § 3E1.1(a) and

(b).  The resulting Total Offense Level is nineteen. Dominguez-Gutierrez's Criminal History

Category is IV.  U.S.S.G. § 5A.  The resulting sentencing range is forty-six to fifty-seven

months.

      Discussion:

      Dominguez-Gutierrez objects to the PSR, arguing he should not receive a "16-level

increase in his base offense level based on his prior Colorado conviction for second degree

burglary because the statute of conviction does not have as an element that the burglary be of a

dwelling." (Doc. 18) at 1.

      The Sentencing Guidelines provide that a defendant who was previously deported after a

conviction of a qualifying crime of violence shall receive a 16-level increase in his base offense

2

level.   U.S.S.G. § 2L1.2(b)(1)(A)(ii).   Application Note 1(B)(iii) includes a list of enumerated

offenses, including "burglary of a dwelling," that qualify as crimes of violence.

When it is not clear that a past conviction is a "crime of violence," courts generally apply

the "categorical approach."[1]   *Descamps v. United States*, 133 S. Ct. 2276, 2281 (2013).   This

approach involves

> compar[ing] the elements of the statute forming the basis of the defendant's
> conviction with the elements of the "generic" crime—*i.e.*, the offense as
> commonly understood.   The prior conviction qualifies as a[] [Sentencing
> Guidelines] predicate only if the statute's elements are the same as, or narrower
> than, those of the generic offense.

*Id.*   Further, "[s]entencing courts may 'look only to the statutory definitions'—*i.e.*, the

elements—of a defendant's prior offenses, and *not* 'to the particular facts underlying those

convictions.'"   *Id.* at 2283 (emphasis in original) (citing *Taylor v. United States*, 495 U.S. 575,

600 (1990)).   Courts avoid taking a factual approach under the categorical approach in

examining prior offenses in part because "the practical difficulties and potential unfairness of a

factual approach are daunting." *Taylor*, 495 U.S. at 601.

Some statutes are not amenable to the categorical approach, and a court must then use a

"modified categorical approach." *Id.* at 2281.   This approach applies when the state statute of

conviction is a "divisible statute." *Id.*   A divisible statute is one that "sets out one or more

elements of the offense in the alternative—for example, stating that burglary involves entry into

a building *or* an automobile." *Id.*   A divisible statute "effectively creates several different

crimes." *Id.* at 2285 (quotation omitted).   "If at least one, but not all of those crimes matches the

generic version," a court applies the modified categorical approach to "determine the offense of

---

[1] While *Descamps* considers the definition of "violent felony" under the Armed Career Criminal
Act, federal courts also use the same categorical approach in analyzing the Sentencing
Guideline's definition of a "crime of violence." *United States v. Wray*, 776 F.3d 1182, 1184-85
(10th Cir. 2015).

conviction."[2]  *Id.*   When applying the modified categorical approach, a sentencing court can consult a limited set of documents, such as charging documents, indictments, jury instructions, the terms of a plea agreement, or a plea colloquy. *Id.* at 2281; *Shepard v. United States*, 544 U.S. 13, 26 (2005).  That is, looking at such documents "renders opaque which element played a part in the defendant's conviction."  *Descamps*, 133 S. Ct. at 2283.  The modified categorical approach "retains the categorical approach's central feature: a focus on the elements, rather than the facts, of a crime." *Id.* at 2285.

> The generic crime of Burglary is defined as follows:
>
> (1) Burglary Defined. A person is guilty of burglary if he enters a building or occupied structure, or separately secured or occupied portion thereof, with purpose to commit a crime therein, unless the premises are at the time open to the public or the actor is licensed or privileged to enter.  It is an affirmative defense to prosecution for burglary that the building or structure was abandoned.

MODEL PENAL CODE § 221.1.  The applicable Colorado statute provides the following:

> (1) A person commits second degree burglary, if the person knowingly breaks an entrance into, enters lawfully in, or remains unlawfully after a lawful or unlawful entry in a building or occupied structure with intent to commit therein a crime against another person or property.
> (2) Second degree burglary is a class 4 felony, but it is a class 3 felony if: (a) it is a burglary of a dwelling; . . . .

COLO. REV. STAT. ANN. § 18-4-203 (2015).

Dominguez-Gutierrez argues that section 18-4-203(1) of the Colorado Statute contains the elements of the offense of burglary.  He further argues that section 18-4-203(2) characterizing burglary of a dwelling as a class 3 felony is merely a sentence enhancement and not an element of the crime.  (Doc. 18) at 3 (citing *Armintrout v. People*, 864 P.2d 576, 580

---

[2] The Court held in *Descamps* that with an "'indivisible' statute—*i.e.*, one not containing alternative elements—that criminalizes a broader swatch of conduct than the relevant generic offense" a court may not use the modified categorical approach to explore whether the facts show that the defendant committed the generic offense. *Id.* at 2281, 2293.

(Colo. 1993)). As such, Dominguez-Gutierrez argues that a 16-level increase in the offense level is improper.

The United States urges the Court to follow the Eighth Circuit, which applied the modified categorical approach to the same Colorado statute upon finding the statute divisible based on its definition of "building."[3] *United States v. Forrest*, 611 F.3d 908, 912-13 (8th Cir. 2010). Upon applying the modified categorical approach, the United States argues, the "Elements" section of Dominguez-Gutierrez's plea paperwork clearly shows that he pleaded guilty to knowingly and unlawfully entering a dwelling with the intent to commit a theft.

Dominguez-Gutierrez replies that the Court may not use the modified categorical approach to "fill in an element that is not present as an element in the statute under consideration in order to determine whether it qualifies as a crime of violence." (Doc. 21) at 3. Dominguez-Gutierrez points out that section 18-4-203(1) of the Colorado statute does not mention "dwelling" as an element. Dominguez-Gutierrez argues that the Colorado statute is not divisible, and he again relies on *Armintrout* for the proposition that the sentencing factor involving a dwelling is not an element of the burglary offense. 864 P.2d at 580.

In *Armintrout*, the Colorado Supreme Court overturned the defendant's conviction for second degree burglary because it "merged into the greater inclusive offense of first degree burglary." 864 P.2d at 578. The Court reasoned that proof that the burglary was of a "dwelling" for the class 3 felony was not an essential element of second degree burglary. *Id.* The Court stated, "In our view, burglary of a 'dwelling' is a sentence enhancement provision defining the level of punishment for a particular type of second degree burglary. It is not an element of a

---

[3] The United States argued at a hearing on the objections that whether the Court uses the categorical or modified categorical approach, the 16-level increase in the base offense level would still apply.

distinguishable offense for purposes of determining whether second degree burglary is a lesser included offense of first degree burglary." *Id.* at 579-80. That is, "a sentence enhancement provision is not an element of the offense charged." *Id.* at 580.

In *Forrest*, the Eighth Circuit examined whether the defendant's prior convictions constituted violent felonies for purposes of the Armed Career Criminal Act. 611 F.3d 908. The conviction and subsequent analysis in that case relevant to the present case is Forrest's conviction for second degree burglary in Colorado. The Court found that the provision defining second degree burglary was "potentially over-inclusive" because "'building' was broadly defined to include vehicles 'adapted for overnight accommodations.'" *Id.* at 913. Despite using the term "potentially over-inclusive," the Court appeared to treat the statute as divisible and therefore applied the modified categorical approach. That is, the Court stated that "the issue is whether the government proved by a preponderance of the evidence that Forrest pleaded guilty to a qualifying generic burglary offense with judicial records permitted under the modified categorical approach." *Id.*

In the present case, the parties do not dispute whether Dominguez-Gutierrez committed burglary of a building as provided in the generic definition of burglary. Rather, the only dispute is whether this Court, based on the structure of the Colorado statute, can conclude that Dominguez-Gutierrez committed a prior "crime of violence" under the Sentencing Guidelines that warrants a 16-level increase in his base offense level. Therefore, regardless of whether the definition of "building" in the Colorado statute is divisible, this Court need not use the modified categorical approach to assess whether Dominguez-Gutierrez burglarized a building as provided by the generic burglary offense. As a result, this Court finds *Forrest* inapplicable to determine whether the categorical or modified categorical approach here is appropriate.

This Court concludes—accepting that Dominguez-Gutierrez burglarized a building—that the elements in Colorado's definition of second degree burglary in section 18-4-203(1) of the state statute are the same or narrower than those found in the generic definition of burglary. Accordingly, Colorado's definition of second degree burglary is not divisible. Because the statute is not divisible, this Court applies the standard categorical approach to determine whether Dominguez-Gutierrez committed a prior crime of violence under the Sentencing Guidelines.

In applying the categorical approach, Dominguez-Gutierrez wishes for this Court to ignore that his conviction for second degree burglary was of a "dwelling" because of the structure of the statute as discussed in *Armintrout*. Dominguez-Gutierrez would have this Court focus only on the elements of the standard offense of second degree burglary found in section 18-4-203(1) of the statute. Yet if this Court were to adopt this method, no defendant convicted of second degree burglary of a dwelling in Colorado could ever be found to have committed a prior "crime of violence" under the Sentencing Guidelines. Surely this cannot be the intended result of the categorical approach.

Despite *Armintrout*'s discussion of burglary of a dwelling as a sentencing enhancement rather than an element of the offense of second degree burglary, Dominguez-Gutierrez's Judgment of Conviction plainly states that Dominguez-Gutierrez pleaded guilty to "Burglary 2- of Dwelling." (Doc. 18) Ex. 1. This Court did not need to—nor did it—consult other documents to investigate whether the facts underlying the Colorado conviction met an alternative definition of second degree burglary qualifying under the generic definition of burglary. Nor did the Court consult such documents for the purpose of determining whether Dominguez-Gutierrez committed a second degree burglary versus second degree burglary of a dwelling. Rather, the Judgment of Conviction is clear on its face that Dominguez-Gutierrez committed second degree

7

burglary and that the burglary was of a "dwelling."  If this Court accepted Dominguez-Gutierrez's method for evaluating whether he committed a prior "crime of violence," this Court would be forced to disregard a portion of the Judgment of Conviction that states clearly he was convicted of burglary of a dwelling.

Dominguez-Gutierrez has provided no support for the proposition that this Court should ignore the offense to which he pleaded guilty described on his Judgment of Conviction.  If the Judgment and Conviction described the offense simply as "Burglary" under the Colorado statute and nothing more, then a closer analysis may be warranted.  But that is not what is described here.  In addition, *Armintrout*, by contrast, focused on whether one offense is a lesser included offense of another,  864 P.2d at 581, a situation in which distinguishing elements of an offense versus those of sentence enhancers is of particular importance.  Nor has the Court conducted a factual assessment of any kind, as may occur with the modified categorical approach.

Based on the foregoing reasons, Dominguez-Gutierrez's objection to the PSR and the 16-level increase is overruled.  Dominguez-Gutierrez therefore is sentenced to the Bureau of Prisons for a term of forty-six months.

UNITED STATES DISTRICT JUDGE